Porter, J.
I concur entirely in the opinion drawn up by judge Martin. The minor, Marguerite, under the age of puberty, was not properly represented by a curator ad litem, our law has provided, imperatively, that for persons in her situation, there shall be an under tutor appointed by the judge, and that it is his duty to act for the minor whenever her interests are opposed to that of the tutor. Civil Code, 64, art. 33, 34.
The facts, disclosed in the case, fully justify the suit which these children have been forced to commence, in order to compel their father to do that, which nature and duty *644 both require he should perform, without being urged to it.
His offer to receive them into his house, while living in open concubinage with a woman of colour, is only proving still more, the justice of their claim, and furnishing another reason why he should support them elsewhere.
As the minor heir, under puberty, was not represented before the court, the demand in the petition, as it respects her, must be wholly disregarded. The sum of fifty dollars a month allowed to Solidelle, and twenty-five to George, (the two children) is supported by the prayer, that one hundred and twenty be given, and furnished by their father. The judgment of the district court, should be affirmed as to these two. And as the other minor, under the age of puberty, was not represented, I am of opinion, that the judgment, so far as it directs a sum to be paid for her maintenance, be annulled, avoided and reversed; and that the cause be remanded, with directions to the judge, to proceed to ascertain the subsistance due to the minor Marguerite, she being first properly represented by an under tutor.
*645 Martin, J.
Geo. Heno and Solidelle Heno, minors, above the age of puberty, assisted by their curator ad litem, and Marguerite He-no, a minor, under that age, by P. Heno, her eldest brother and natural protector, sue the defendant, their father, for alimony; stating, that their mother is dead, and their father refuses to support them out of his house, where they allege they cannot go, owing to certain circumstances, which the respect they owe the defendant, forbids them to state, but which they will mention if necessary.—They aver his ability.
The defendant pleaded the general issue; averred his willingness to support the children at home, and his inability to make them an allowance, as he lately was compelled, by necessity, to surrender his property to his creditors, and he has no means of support but his labour.
On motion of the plaintiffs' counsel, the district court appointed P. Heno, curator ad litem of the plaintiff Marguerite, on the opposition of the defendant's counsel, on the ground, that Marguerite is under the age of puberty, and such a curator is only appointed to a minor above; and therefore, in the present case *646 Marguerite can only be represented by an under tutor, whom the district court has no power to appoint; whereupon, a bill of exceptions was taken.
There was a verdict and judgment for the plaintiffs, and the defendant appealed.
I am of opinion, that the minor, under the age of puberty, ought not to be represented by a curator ad litem. Persons of so tender an age ought to be under the protection of a tutor and under tutor, and when they appear in court, unassisted by one of these, their legal protectors, the court before whom they appear, ought to suspend its proceedings until the party be provided therewith.
I therefore think, the district judge erred in appointing a curator to her.
The plaintiffs have shewn, that their father lives in concubinage, with a woman of colour. This is certainly a good reason why the court should not compel his daughter, a white girl, to return into his house; neither can there be any propriety, though the reasons are not equally strong, in ordering the sons to return there, when it is shewn that their father made them associate and eat with the woman with whom he lives, and her children.
*647 It is therefore clear to me, that it is just that these children should receive such a support as he is able to afford to them, out of his house. His ability was a proper subject of a jury’s inquiry, as well as the quantum of the allowance, and I am not able to say that they formed wrong conclusions.
But the plaintiffs have prayed for an allowance of $120 per month only, and one of $110 has been made for the present, which is to be raised to $125, after the minor Marguerite arrives to the age of twelve years. As I think the judgment must be reversed, as to the plaintiff Marguerite, and the allowance to the other two is not extravagant, I see no reason to diminish it, which will leave the sum recovered below that demanded. And besides, it is not clear, that as a considerable part of the claim has been disallowed, we would be bound to disturb the verdict, on the ground, that a little more has been allowed on the rest.
I conclude, that we ought to affirm the judgment, as to the plaintiffs Solidelle and George, as separate allowances have been made to each plantiff, but that it ought to be reversed as to the plaintiff Marguerite, and *648 the cause remanded, with directions to the judge to proceed therein, after her tutor or under tutor shall have appeared. The costs of the appeal to be borne by the defendant and appellant.
Davesac for the plaintiffs, Cuvillier for the defendant.